# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## ISABELLA D. STEVENS, Respondent, v. WILLIAM C. RODGER, Appellant.

*Assault and battery — special injuries must be alleged — plaintiff incompetent to testify that the effect of the blow made her entirely deaf — limit of time, on inquiry as to general reputation.*

Appeal from a judgment in favor of the plaintiff, entered upon a verdict rendered at the Onondaga Circuit in May, 1879.

The action was brought to recover damages for an assault and battery. The gravamen of the charge in the complaint was that the defendant struck the plaintiff with his clenched fist, in her face, upon her right cheek bone, and cracked the bone of the cheek, and loosened the bones under the plaintiff's skull. At the trial the plaintiff was permitted to give evidence tending to show that paralysis of the right arm had resulted from the blow. The testimony was objected to on the ground that the particular injury thereby attempted to be shown was not specified in the complaint. The objection was overruled and the defendant excepted. The complaint alleged that the plaintiff had been made deaf in one ear, and that the right side of her face had become paralyzed because of said injury, but there was no averment of a paralysis of the arm.

The court, at General Term, said: "We think the objection to the evidence was overruled erroneously. The general rule is that special damages, that is, such as, although the natural, are not the necessary result of the act complained of, and consequently are not implied by the law, must be particularly stated in the complaint in order to prevent a surprise upon the defendant, or the plaintiff will not be permitted to give evidence of them at the trial. (1 Ch. Pl. [14th Am. Ed.], 338, 396; 2 Gr. Ev., § 254; *Armstrong v. Percy*,

5 Wend., 538; *Squier* v. *Gould,* 14 id., 159.) The rule is a salutary one and it applies with full force to pleadings under the Code. Doubtless the trial court had power to allow an amendment of the complaint, upon proper terms, by inserting an allegation of the special damage sought to be proved, but no amendment was ordered, and none was asked for. The correctness of the ruling is to be tested, therefore, on the complaint as it stood, not as it might have been changed by amendment. (*Tooker* v. *Arnoux,* 76 N. Y., 397.)

The plaintiff was examined as a witness in her own behalf. One of the questions put to her was: " What effect has it " (the blow) "upon your right ear ? " This was objected to as calling for a conclusion. The objection was overruled and the witness answered: " Made me entirely deaf." The answer having been given and received, the plaintiff's counsel said : " I will waive the form of the question. Have you been able to hear with your right ear since that time ? " Same objection. Overruled. Exception. Answer : " No." It was clearly incompetent for the witness, who was not an expert, to give an opinion as to the effect which the blow produced upon her ear. She could only state facts. The improper testimony elicited by the first question was not waived or cured by what followed its reception. The testimony was permitted to remain in the case, and it must be presumed to have been considered by the jury and to have affected their verdict.

On the question as to the right of the court to limit to a period of five years before the trial, the inquiry as to the general reputation of the plaintiff, the court said : " The law lays down no certain limit in point of duration to inquiries of this kind. In *The People* v. *Abbott* (19 Wend., 192), it was held on review that the character of the prosecutrix for truth and veracity at the time of the trial having been slightly impeached, evidence of bad character in that respect, six or seven years previous to the trial, was improperly excluded. In *Sleeper* v. *Van Middlesworth* (4 Den., 431), it was held that the character of a witness may be impeached by persons in whose neighborhood he had lived until four years prior to the trial, though he had then removed to another place fourteen miles from that neighborhood, where he had since resided, and the witnesses did not know the character which he bore at the latter place. In *Rathbun* v. *Ross* (46 Barb., 127), the testimony of a person

who knew the reputation of the witness five years before the trial, and who had not known it subsequently, nor at the witness' then place of residence, was held to have been improperly excluded.    In *Graham* v. *Chrystal* (37 How. Pr. R., 279), the impeaching witnesses had known nothing of the persons sought to be impeached for eight or ten years prior to the trial, but they were permitted to testify that they had known them in former years, and that their character was bad, and they would not believe them under oath. The ruling was sustained by the Court of Appeals.    In *Tompkins* v. *Wadley* (3 T. & C., 424), evidence was offered as to plaintiff's character twenty-seven years previous while living at S.    She had lived during the intervening time within six miles of S.    The trial judge limited the inquiry to twelve years; held, on appeal, that the limitation was a proper exercise of discretion.    It was said in that case by MORGAN, J., who delivered the leading opinion, that the proposition that an inquiry as to character cannot be limited as to time should be confined to cases where some connection is shown to exist between the present and the former period, or where present character may be fairly inferred from previous bad character.    We think the weight of authority is adverse to the ruling in the case at bar.    No good reason is apparent for limiting the inquiry to five years.

There are other exceptions which it is unnecessary to consider.

For the reasons above stated, the judgment must be reversed and a new trial ordered, costs to abide event.

*William Porter*, for the appellant.

*Irving G. Vann*, for the respondent.

Opinion by SMITH, J.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.